QUARLES *v*. STATE OF INDIANA.

[No. 30,644. Filed November 1, 1965.]

*John G. Bunner*, of Evansville, for appellants.

*Edwin K. Steers*, Attorney General, *David S. Wedding*, Deputy Attorney General, for appellee.

MYERS, J.—This is an appeal from a judgment of the Vanderburgh Circuit Court convicting appellants of the crime of rape. Appellants were tried by jury commencing April 15, 1964. On April 16, 1964, a verdict was returned finding each appellant guilty of rape as charged in the affidavit. They were both sentenced to the Indiana State Reformatory for not less than two years nor more than twenty-one years. A motion for new trial was filed which was overruled on June 17, 1964. This appeal followed.

It appears from the evidence most favorable to appellee that on or about November 5, 1963, the victim, a girl twenty-four years of age, had been bowling. She stopped to visit a girl friend afterward, leaving around 11:30 p.m. On the way home, which was in the vicinity of Evansville, Indiana, she was followed by appellants in their car. She tried to outrun them, but was unsuccessful. They pulled her out of her car when it stalled on a curve in the highway. Appellant Edwards struck her several times, then dragged her into his car, drove off the main highway, and raped her. Later, appellant Quarles, having followed them in the victim's car, climbed into the rear seat of their car and performed the same act. They then pushed her back in her own car and left without giving her the keys. She finally managed to walk back to her home, three to four miles away, where the matter was reported to her parents who called the authorities. Appellant Quarles was apprehended the next day. At that time he made a statement before police officers which implicated both ap-

pellants in the commission of the crime. Appellant Edwards was not present, but was picked up on December 12, 1963, in Fresno, California, and brought back for arraignment and trial in Evansville. They were represented by pauper counsel, a very able attorney of Evansville. Later, appellant Quarles, on January 2, 1964, made another statement before police officials which was very similar to the one he had signed on November 7, 1963.

The assignment of errors is based upon the overruling of the motion for new trial. The specifications of error therein are predicated on the grounds that the verdict of the jury was contrary to law and not sustained by sufficient evidence; that there were errors at law which occurred at the trial with reference to the admission of appellant Quarles' two statements; that there was error in overruling appellants' motion for a finding of not guilty at the conclusion of State's evidence; that there was error in refusing to give to the jury certain instructions tendered by appellants.

The bulk of appellants' argument in their brief pertains to appellant Quarles. Appellee admits that the trial court committed a fatal error when it refused, over objections, to hear any evidence whatsoever outside the presence of the jury upon the issue of whether appellant Quarles' confessions were competent so as to be admissible in evidence. *Brown* v. *State* (1880), 71 Ind. 470; *Palmer* v. *State* (1894), 136 Ind. 393, 36 N. E. 130; *Marshall* v. *State* (1949), 227 Ind. 1, 83 N. E. 2d 763; *Wallace* v. *State* (1956), 235 Ind. 538, 135 N. E. 2d 512; *Gennaitte* v. *State* (1963), 243 Ind. 532, 188 N. E. 2d 412. Appellee, therefore, has confessed error as to appellant Quarles which takes him out of the purview of this appeal.

As to appellant Edwards, we find that there is only one significant question of error which is argued. He does not go into the matter of the verdict being contrary to law or not sustained by sufficient evidence. Nor does he argue error in the overruling of appellant's motion for

a finding of not guilty at the conclusion of State's evidence except as to interject, in connection with this motion, some remarks by the court which he alleged were highly prejudicial and invaded the province of the jury, and that thus constituted reversible error. But these were never inserted in the motion for new trial. Furthermore, the particular motion, which was oral, was not supplemented by any reasons or written memorandum therefor. The oral motion as presented reads as follows:

"Mr. Bunner: I have a motion, I would like to file.
"Defendants file motion for finding of not guilty.
"Court: This motion will be denied.
"Mr. Bunner: The defendants Rest."

As grounds for error, they are waived. Supreme Court Rule 2-17 (f).

Appellants tendered two instructions which were refused by the court. It is claimed this is error. These tendered instructions read as follows:

## "INSTRUCTION NO. 1

"You are instructed that in order for sexual intercourse to constitute the crime of rape, the act must have been committed against the resistance of the woman. If you find that Betty Ann Greenwell did not resist the act of James Reginald Quarles and if you find that James Reginald Quarles did not threaten or did not strike or use force against said Betty Ann Greenwell, then you should find the defendant James Reginald Quarles not guilty."

## "INSTRUCTION NO. 2

"You are instructed that consent to sexual intercourse may be express or implied. If you find from the evidence that Betty Ann Greenwell was not threatened by James Reginald Quarles and that she was conscious, of mature years, and of sound mind and that she did not oppose any act of sexual intercourse, then her conduct would constitute consent and the act is not rape."

It is obvious that these instructions refer only to appellant

Quarles and are not pertinent to appellant Edwards. ■ Therefore, error cannot be claimed by appellant Edwards for the court's refusal to submit them to the jury.

The only questions presented pertain to the admission into evidence of the two statements made by appellant Quarles. (State's Exhibits 7 and 9.) They detail the events which occurred the night of November 5, 1963. Both of these statements were made outside the presence of appellant Edwards. When the first of the two statements (Exhibit 7) was offered into evidence, no objection was made. It was therefore admitted and read to the jury. Appellant Edwards then moved that the exhibit be stricken in so far as he was concerned and the jury be admonished not to consider it as evidence against him because he was not present at the time Quarles' statement was made. This the court refused to do.

Error is claimed on the basis of the general principle of law that an extra-judicial confession made by one codefendant not in the presence of the other defendant is not admissible ■ in evidence as against the codefendant not present when the statement was made. Indiana has long upheld this general rule. *Patton, Nickelson* v. *State* (1961), 241 Ind. 645, 175 N. E. 2d 11; *Knopp* v. *State* (1954), 233 Ind. 435, 120 N. E. 2d 268; *Diblee* v. *State* (1931), 202 Ind. 571, 177 N. E. 261.

However, it has been held by this court that where evidence upon a material point has been admitted without objection, a subsequent motion to strike it out comes too late. ■ *Brown* v. *Owen* (1884), 94 Ind. 31; *Cleveland, Columbus, Cincinnati and Indianapolis Ry. Co.* v. *Wynant* (1893), 134 Ind. 681, 34 N. E. 569; *Ginn* v. *State* (1903), 161 Ind. 292, 68 N. E. 294; *Epperson* v. *State* (1937), 211 Ind. 237, 6 N. E. 2d 538. Having permitted the State to read the first part of Quarles' statement to the jury without objection, appellant's (Edwards) motion to strike came too late. There was no error in overruling such motion.

The court did not err in overruling appellant Edwards' ob-

jection to appellant Quarles' second statement (Exhibit 9). It has been held by this court that the admission of ▉ testimony over a defendant's objection does not constitute reversible error where substantially the same facts testified to had been testified to earlier by the same witness without objection. *Dixon* v. *State* (1945), 223 Ind. 521, 62 N. E. 2d 629; *Beeler* v. *State* (1952), 230 Ind. 444, 104 N. E. 2d 744; *Eaton* v. *State* (1917), 186 Ind. 167, 115 N. E. 329.

The two statements herein involved were essentially the same. Appellant Edwards attempts to point out a difference in the second statement made with reference to appellant Quarles being threatened with a knife by Edwards if he did not go through with it, which remark did not appear in the first statement. In view of the similarity of the two statements otherwise as to circumstances substantially depicting the commission of the crime, we deem this variation immaterial.

As to appellant Quarles, the judgment is reversed and the cause remanded for further proceedings. As to appellant Edwards, the judgment is affirmed.

Achor, Arterburn and Landis, JJ., concur. Jackson, C. J. concurs in result with separate opinion.

### Separate Opinion

Jackson, C. J.—As stated in the majority opinion this is an appeal from a judgment of the Vanderburgh Circuit Court convicting appellants of the crime of rape. The evidence of the prosecuting witness corroborated by that of one of the other State witnesses is sufficient to require the affirmation of the judgment of the trial court. The prosecuting witness positively identified each of the appellants as being the persons who assaulted her and the evidence of the corroborating witness as to the appearance and condition of the clothing of the appellants precludes any doubt as to their guilt of the crime charged.

I am concerned however with the admission of the confessions in evidence in this case. The majority opinion states "[a]ppellee admits that the trial court committed a fatal error when it refused, over objections, to hear any evidence whatsoever outside the presence of the jury upon the issue of whether appellant Quarles' confessions were competent so as to be admissible in evidence." (Citing cases in support.) No contention is made by the State denying that "an extrajudicial confession made by one co-defendant not in the presence of the other defendant is not admissible in evidence against the co-defendant not present when the statement was made."

My objection which is technical and is perhaps not material in the case at bar, other than from a technical point of view, is that the doctrine of waiver attempted to be established here, in my opinion, not withstanding the cases cited, is in derogation of the appellants' constitutional rights. It is a fundamental right that permits a defendant to stand mute and require the State to prove the allegations of the affidavit or indictment and the guilt of the defendant beyond any reasonable doubt. I am therefore of the opinion that any action of the court, or attempted imposition of the doctrine of waiver, which requires a defendant to take affirmative action in order to offset such a confession constitutes reversible error as imposing a burden not contemplated by the Constitution. I am at a loss to understand why the State insisted and the Court permitted, over the objections raised by appellants' counsel, the introduction of these confessions as they could only serve to inflame the passions and prejudices of the jury, and were totally unnecessary in order to secure the conviction of the appellants for the reasons enumerated in the foregoing part of this opinion.

See Annotation: 1 L ed 2d 1780, Admissibility as against conspirator of extrajudicial declarations of co-conspirator.

The two instructions, both of which appear in the majority opinion, were properly refused by the court. The instructions

as tendered omitted the acts of the co-defendant Edwards whose words and actions were such that the prosecuting witness might well have feared further bodily harm at the hands of either of these defendants had she opposed or attempted to interpose objections or to resist the action of the appellant James Reginald Quarles. The confessions were, in my opinion, inadmissible and under other circumstances their admission and evidence would have constituted reversible error requiring that the cause be reversed and remanded with instructions to grant the motion for a new trial. The State's evidence as heretofore stated in this opinion was sufficient to require the affirmation of the judgment of the trial court without recourse to the confessions. Had there not been such positive proof of the guilt of the appellant the conviction herein would have to be reversed for the error in permitting such confessions to be introduced in evidence.

This separate opinion is not to be construed as approving any relaxation of the rule requiring reversal in the case of the erroneous introduction of confessions.

NOTE.—Reported in 211 N. E. 2d 167.