August J. SERIO, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19819.

United States Court of Appeals
District of Columbia Circuit.

Filed Aug. 22, 1968.

Before EDGERTON and FAHY, Senior Circuit Judges, and BURGER, Circuit Judge.

PER CURIAM:

The judgment of this court affirming the conviction of appellant has been vacated by the Supreme Court and the case remanded to this court to be considered in light of the decision of the Supreme Court in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. *Bruton* overruled Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278, which had sustained Delli Paoli's conviction at a joint trial in which the confession of a co-defendant, which implicated Delli Paoli, had been admitted in evidence. The Court there held that prejudice was avoided by the court's instructions that the confession was to be disregarded as to Delli Paoli.

In our case, as appears from the report of our earlier opinion, 126 U.S.App.D.C. 297, 377 F.2d 936, Serio was tried jointly with LaShine. A confession LaShine had made was admitted in evidence against him.[1] Serio did not object to this provided certain deletions were made and the confession was read to the jury and not shown to them. These conditions were met. Serio's name was stricken from the LaShine confession and the words "another man" or appropriate modification thereof substituted for "Serio." The jury was instructed that LaShine's statement was in evidence only against him and was not in evidence or to be considered against Serio. Consent to admission of the confession as against LaShine having been given in these circumstances, we concluded there was no error requiring us to reverse under Rule 52(b), Fed.R.Crim.P.

---

1. LaShine's separate appeal was decided in LaShine v. United States, 126 U.S.App.D.C. 71, 374 F.2d 285.

Had *Bruton* been decided when Serio was tried we must assume the LaShine confession would have been objected to by Serio. In that event, the latitude available to the court under Rule 52(b) in the absence of objection could not have been relied upon by the court. Accordingly, under the principles of *Bruton*, the instruction to disregard the confession in considering Serio's case would not have avoided prejudicial error, due to the lack of opportunity to cross-examine La-Shine coupled with the well-nigh inevitable association of Serio as the "other man" referred to in LaShine's confession. Bruton v. United States, *supra*.

Reversed and remanded.