ELMER RAY SIMS AND WILLIE LEE IRONS *v.* STATE OF INDIANA.

[No. 1275S353. Filed January 4, 1977. Rehearing denied March 3, 1977.]

*Martin H. Kinney,* of Merrillville, for appellants.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The Appellants, Elmer Ray Sims and Willie Lee Irons, were convicted on July 10, 1975, of first degree murder. The Appellants were sentenced to life imprisonment on July 21, 1975. The motion to correct errors of Appellant Irons was filed on July 31, 1975, and was overruled on August 28, 1975. The motion to correct errors of Appellant Sims was filed on September 12, 1975, and was overruled on October 3, 1975.

The Appellants were convicted on the strength of confessions made by each to Gary, Indiana, police. The confession of Appellant Irons admitted into evidence at trial stated that he and his codefendant were drinking wine and making some noise in the backyard of the decedent's home when the decedent came out of the house and shouted at them. When he went back inside, he was followed by Appellant Sims, who was in turn followed by Irons. According to this statement, Appellant Irons had stopped in the kitchen of the house when he heard a shot and saw his codefendant come running from another room with a gun in his hand. They then ran from the house together.

The confession of Appellant Sims differs in that he states that he and his codefendant were engaged in a burglary attempt of the home of the decedent when the shooting took place. It was his statement that Irons went up the stairs of the home and shot the decedent upon being discovered by him. There is, therefore, no joint statement showing a joint enterprise or conspiracy.

Other than these statements, there was no other evidence or testimony connecting the Appellants with the crime in this case. No fingerprints were admitted into evidence. No results of any ballistics tests were introduced, though the prosecution unsuccessfully sought to introduce a gun into evidence. There was a lack of presentation of what may be regarded as routine evidence in this trial, and the clear absence of thorough preparation in the prosecution of this case. Because there were no witnesses to the crime in question, the

admissibility of the Appellants' confessions is crucial to their convictions. We find that those confessions were not admissible in the joint trial in this case and reverse the judgment of the trial court.

Indiana has long upheld the general rule that an extra-judicial confession made by one codefendant not in the presence of the other defendant is not admissible in evidence as against the codefendant not present when the statement was made. *Quarles* v. *State*, (1965) 247 Ind. 32, 211 N.E.2d 167. Should it be shown that the statement or admission was made by a co-conspirator within the scope of the conspiracy, this rule of exclusion does not apply. *Berridge* v. *State*, (1976) Ind. App., 340 N.E.2d 816. There was no foundation laid in this case to show that the codefendants were acting in concert as part of a conspiracy, nor was there any showing that the confessions in this case were made within the scope of such a conspiracy. The general rule of exclusion is therefore to be applied.

Confessions such as in this case, inadmissable as against codefendants, are nonetheless admissible as against the defendant who confesses. A joint trial, however, makes the admission of such a statement difficult. In *Bruton* v. *United States*, (1968) 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, the United States Supreme Court held that the admission into evidence at a joint trial of a confession by a codefendant which implicates another defendant, when the declarant does not testify and is therefore not subject to cross-examination, violates the implicated defendant's right of confrontation under the Constitution. Separate trials are required, if the confession is to be admitted, or suitable excisions must be made to eliminate all reference to the other defendant. Admonishment by the trial court to the jury to consider such evidence only against the declarant is not sufficient.

This court enunciated the principles of *Bruton* in *Monserrate* v. *State*, (1971) 256 Ind. 623, 271 N.E.2d 421, and *Baniszewski*

v. *State,* (1970) 256 Ind. 1, 261 N.E.2d 359, among others. In response to this case law, the Legislature enacted Ind. Code § 35-3.1-1-11 (Burns 1975), which reads in part:

"* * *

(b) Whenever two [2] or more defendants have been joined for trial in the same indictment or information and one or more defendants move for a separate trial because another defendant has made an out-of-court statement which makes reference to the moving defendant but is not admissible as evidence against him, the court shall require the prosecutor to elect one [1] of the following courses:

(1) a joint trial at which the statement is not admitted into evidence;

(2) a joint trial at which the statement is admitted into evidence only after all references to the moving defendant have been effectively deleted; or

(3) granting the moving defendant a separate trial. In all other cases, upon motion of the defendant or the prosecutor, the court shall order a separate trial for defendants whenever the court determines that a separate trial is necessary to protect a defendant's right to a speedy trial or is appropriate to promote a fair determination of the guilt or innocence of a defendant.

* * *"

Based upon this statute and this case law, the Appellants in this case moved for separate trials. This motion was denied. Instead, the trial court deleted from each confession the name of the declarant's codefendant. In Appellant Sims' confession, the trial court excised references to Appellant Irons and simply left a blank. The confession of Appellant Irons was similarly revised, with the letter "X" being substituted for each reference to his codefendant. In the words of the statute, the issue of whether separate trial here should have been granted depends on whether the trial court's efforts "effectively deleted" all references in question in each confession.

It strains the limits of common sense to suggest that the simple deletion of a name and/or substitution of the letter "X" can act as an "effective" deletion in a case such as here.

The Appellants were jointly indicted and jointly tried. The confession of each defendant refers to the declarant and another person. The jury can draw only one inference—that the other person in each confession is the declarant's codefendant. *See: White v. State,* (Tenn. Crim. App. 1973) 497 S.W.2d 751, which held that the use of the reference "the other person" was an ineffective redaction; *State v. Taylor,* (1969) 104 Ariz. 264, 451 P.2d 312, which held that the employment of the reference "another Negro male" was insufficient.

The confession of Appellant Sims, as read to the jury, essentially stated that he and "blank" were burglarizing the home of the decedent when "blank" committed the murder in question. The confession of Appellant Irons, as read to the jury, essentially stated that he was present when "X" got into some sort of argument with the decedent and shot him. We do not see how these confessions could have been redacted to permit their admission into evidence at a joint trial. Our review of the record reveals that they are rather short. Virtually every sentence of each confession refers to a co-defendant in one way or another. And the thrust of each confession is that the "other guy" did the shooting.

We point out further that neither of the codefendants took the stand as a witness. Such an opportunity to cross-examine would have satisfied the right of confrontation under *Bruton v. United States, supra. Ortiz v. State,* (1976) 265 Ind. 549, 356 N.E.2d 1188; *Nelson v. O'Neil,* (1971) 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222.

The decision of whether or not to grant separate trials is within the discretion of the trial court. *Tewell v. State,* (1976) 264 Ind. 88, 339 N.E.2d 792; *Frith v. State,* (1975) 263 Ind. 100, 325 N.E.2d 186. In this case the granting of separate trials was necessary.

Because we have resolved this issue in favor of the Appellants, we think it unnecessary to deal with the other questions raised in their joint brief. The judgment of the trial

court below is reversed and a new trial ordered for each defendant.

All Justices concur.

NOTE.—Reported at 358 N.E.2d 746.