FONDA L. BERTRAM *v.* STATE OF INDIANA.

[No. 1077S760. Filed May 12, 1978.]

*Jack Quirk,* of Muncie, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert J. Black,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of second degree murder and sentenced to fifteen to twenty-five years imprisonment.

The evidence most favorable to the State indicates that in the early afternoon of August 20, 1976, appellant visited a neighbor, Robert Martinez, and mentioned that he was mad at one, Mrs. Collins, because he felt she had mistreated his children. He pulled a gun, stated that he could not miss with it, fired at a circle on a nearby railroad boxcar and said that was the way he would like to shoot Mrs. Collins. Later in the afternoon appellant's wife picked him up at work and told him that Mrs. Collins had accused their children of stealing her keys. Appellant drove home, parked his car in front of the Collins residence and blew his horn. Obtaining no response, he proceeded to the neighborhood home of a policeman where, after relating his problems with the Collins family, he was told to wait until the next day to make an official complaint.

Shortly after 5:00 p.m. that same day, Linda Collins went next door to feed a neighbor's dog. Appellant saw her and shouted that he wanted to see her mother. When she informed her parents of appellant's demand her father, Glenn Collins, stated he would see what the appellant wanted. Collins walked into appellant's yard and the two began arguing. They wrestled on the ground until Collins got up and started toward the gate. Appellant then shot Collins, the bullet striking him in the back piercing his heart.

Appellant's sole contention is that the trial court erred in permitting two witnesses to testify concerning their observations of the above-recited incident of appellant firing his gun at the boxcar and the statement that he would like to shoot Mrs. Collins. The trial court denied appellant's *motion in limine* as to this testimony on the ground that appellant's state of mind within several hours of the shooting was part of the series of events and therefore was relevant and admissible.

Any evidence tending to prove a material fact is admissible even though its tendency in that direction may be slight. *Pirtle* v. *State*, (1975) 263 Ind. 16, 323 N.E.2d 634. All circumstances relative to or tending to shed light on the intent or motive of the defendant or tending fairly to explain his actions, are admissible even though they occurred prior to the crime. *Fausett* v. *State*, (1942) 219 Ind. 500, 39 N.E.2d 728. It was proper to submit the tendered testimony to the jury in order that they might determine whether or not such evidence tended to explain appellant's hostility toward the Collins family, his overall state of mind that day and his dexterity and familiarity with the gun. It was within the province of the jury to determine whether these facts were pertinent to establish appellant's motive and intent and rebut his testimony that the gun accidentally discharged. The trial court did not err in overruling appellant's objection to the testimony.

The trial court is in all things affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 375 N.E.2d 1098.