Roger D. THOMPSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 277S104.

Supreme Court of Indiana.

March 9, 1979.

Charles M. Russell, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Elmer Lloyd Whitmer, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Thompson was convicted of three offenses at the conclusion of a jury trial in Marion Criminal Court on August 23, 1976. By three verdicts he was adjudged guilty of the following offenses with recommended sentences for each as follows: Commission of a Felony While Armed, 30 years; First Degree Murder, life imprisonment; Second Degree Murder, 15–25 years. On September 16, 1976, appellant Thompson was sentenced to 30 years imprisonment and to life imprisonment. On November 15, 1976, appellant filed his Motion to Correct Errors. This Motion was denied on that same date.

On Appeal, Appellant Thompson presents two issues for review. These issues concern the admission into evidence of State's Exhibit No. 12, an autopsy report, and the sufficiency of the evidence.

## I.

Appellant asserts that the trial court erred by admitting an autopsy report prepared by Dr. Aguilar, who was not present at trial. Over objection by the defendant that there was not a proper foundation for the admission of the exhibit, the autopsy report was admitted into evidence with restrictions as to its use. The autopsy report was identified by Dr. Benz, who was Dr. Aguilar's supervisor and was called as a witness after the State indicated that Dr.

Aguilar, the pathologist who had performed the autopsy, was unavailable.

Over objection, Dr. Benz testified as to Dr. Aguilar's medical background and authenticated the signature of Dr. Aguilar on the report. Over further objection, the findings of the autopsy report prepared by Dr. Aguilar were admitted into evidence under the business records exception to the hearsay rule. The report was to be used only for the facts in it and as a reference for Dr. Benz's testimony, not for the opinion in it as to the cause of death.

Appellant argues that the proper person to establish the authenticity and trustworthiness of the autopsy report in Dr. Aguilar's absence is the Marion County Coroner, who is the official custodian of the report, and objected to its admission as hearsay.

■ State's Exhibit No. 12 was sufficiently identified for admission under the business records exception to the hearsay rule of exclusion. This exception does not mean that a sponsor of an exhibit must have personally made it, filed it, or have had first-hand knowledge of the transaction represented by it. He need only show that it is part of the records kept in the routine course of business and placed in the record by one authorized to do so, who had personal knowledge of the transaction represented at the time of entry. *Crosson v. State*, (1978) Ind., 376 N.E.2d 1136 at 1141; *Jones v. State*, (1977) Ind., 369 N.E.2d 418 at 421; *American United Life Ins. Co. v. Peffley*, (1973) 158 Ind.App. 29 at 36–37, 301 N.E.2d 651 at 656, *Reh. Den.*

■ Dr. Benz testified that a copy of the autopsy report was kept, as a matter of record, in his office and that he had supervisory capacity concerning the maintenance of such records. He stated that the report was a document maintained and relied upon in the normal course of his business and profession. He recognized State's Exhibit 12 as a report by another doctor in his office who was under his supervision, and stated that the report was used by the staff of his office although a copy would be sent to the Coroner of Marion County. This exhibit thus qualified under the business record exception to the hearsay rule.

■ In addition, an autopsy report made by one who is unavailable at trial may be used by another expert in formulating his opinion as to cause of death. *Wright v. State*, (1977) Ind., 363 N.E.2d 1221, 1228–29. Dr. Benz gave his opinion as to the cause of death based on the facts in the report. He was available for cross-examination and was cross-examined by the defendant. There is no error here.

## II.

■ Appellant Thompson alleges that the State failed to prove a necessary element of the crime, that defendant was over sixteen years of age when the crime was committed and challenges the sufficiency of the evidence from which the jury could have found him guilty beyond a reasonable doubt.

Defendant was charged on Count I under Ind.Code 35–12–1–1 which provides in pertinent part as follows:

"Any person who being over sixteen (16) years of age, commits or attempts to commit any felony while armed with any dangerous weapon . . . ."

At trial, Sergeant Louis J. Christ, who had arrested defendant, testified that from his experience it was his opinion that the defendant was twenty-five years old. Such opinion evidence is sufficient to prove age if believed by the jury. *Moore v. State*, (1977) Ind., 369 N.E.2d 628 at 632. In addition, in *McGowan v. State*, (1977) Ind., 366 N.E.2d 1164 it is stated that if an accused appears in trial in a criminal court, and not in juvenile proceedings, there is a rebuttable presumption that the accused is over sixteen years of age. Age is not an issue unless the accused raises it with a Motion to dismiss. *Dew v. State*, (1978) Ind., 373 N.E.2d 138. Further, the jury was able to observe the defendant's appearance. Here, there was evidence of defendant's age as being twenty-five and no Motion to dismiss was filed. There is no error here.

Appellant further argues that the evidence is generally insufficient and specifi-

cally insufficient in that the only evidence connecting him with the crime was the conflicting and tainted testimony of his co-defendant, Roger Brewer, and the testimony of Mrs. Hitchcock, the victim.

 When issues of sufficiency of the evidence to support conviction are raised, we consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. In so doing we neither weigh the evidence nor determine the credibility of witnesses. If there is then substantial evidence of probative value to support every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Ruetz v. State*, (1978) Ind., 373 N.E.2d 152, 156.

In the present case the evidence most favorable to the State reveals that Helen Hitchcock and Kenneth Nelson were returning to Mrs. Hitchcock's apartment on August 27, 1975 after visiting friends. As Mr. Nelson was parking his car, two men walked by the car. Mr. Nelson got out of the driver's side and came around the car to help Mrs. Hitchcock out of the car. The area was well lighted. As Mr. Nelson helped Mrs. Hitchcock from the car two men "sprang out from behind this bushy shrub" and one demanded their money. As Mrs. Hitchcock was removing her shoulder bag to hand to the man who had spoken, the other man shot Mr. Nelson. Mrs. Hitchcock gave her purse to the man nearest her and the men fled. Roger Brewer, a co-defendant, was identified by Mrs. Hitchcock as the man who made the demand for money. When Mrs. Hitchcock was asked to identify the man who had shot Mr. Nelson, she identified the appellant-defendant, Roger Thompson.

Objection was made by the defendant as to the in-court identification based on Mrs. Hitchcock's failure to identify Thompson at a line-up held on August 20, 1976, at the Marion County jail. Finally Mrs. Hitchcock testified on direct examination as follows:

Q. Mrs. Hitchcock, that night at the lineup did anybody tell you which one of those people was Mr. Thompson?

A No, ma'am.

Q And was one of the men you saw in the lineup the same man that you see sitting here today?

A Yes, sir.

Q And because you saw him in that lineup and you see him today, is it your testimony that he looks like the man you saw with the gun that night, it is because you saw him in that lineup or you see him here today, or because you recall seeing him that night back in 1975?

A Well, it really could be a combination of the three.

MR. OATES: We will object to that kind of answer, Your Honor.

Outside the presence of the jury the Court offered to grant a mistrial and the offer was rejected by the defendant as follows:

THE COURT: We took a recess and the State of the record now, as counsel both well know, the Supreme Court of the United States has said that if there is not an independent basis for an identification as suggested by a lineup, that such identification, of course, is not admissible. We have it in here now, and in a case like this whether an admonition would be enough to the jury I don't know, and I would grant a motion for a mistrial if the defendant so requested, and I think he should make that decision, full well recognizing that this is the opportunity to ask for it, and if he don't ask for it now, he waives it.

MR. OATES: We will go ahead, Your Honor, it is his decision, and I would like the record to indicate that.

THE COURT: Do you understand that if you do ask for it, Mr. Thompson, it will be granted, but if you don't ask for it you waive it and you may not raise that then as an error on appeal in the event of a conviction. In other words, you can't have your cake and eat it too, if you go ahead you waive this error, and at the same time if you ask for a mistrial it will be granted, defendant and counsel you know that.

*MR. OATES*: Your Honor, he said we will go ahead. May I have the record state it is the defendant's choice, really.

*THE COURT*: You personally are making this choice, is that correct?

*ROGER THOMPSON*: That's correct.

*THE COURT*: And you have talked to your attorney about it?

*ROGER THOMPSON*: Yes.

When the jury returned the Court stated:

*THE COURT*: Please be seated. Ladies and gentlemen, the testimony as to the identification by this witness is stricken from the record and the jury admonished to disregard it in arriving at a verdict in this cause. You are not to consider it in any way. It is the Court's responsibility to rule on matters of law which arise and the jury should not consider or be influenced in any way by such matters which are stricken out.

Other testimony of Mrs. Hitchcock was not stricken when on cross examination she testified that she "knew the defendant that night as well as I recognize him now." She also testified in redirect, without objection by the defendant, that she could identify Thompson as being at the scene on August 27, 1975.

Appellant argues that his co-defendant Roger Brewer's testimony was tainted because of a plea agreement. Roger Brewer testified that he and Roger Thompson "robbed" two individuals at Fortieth and Pennsylvania. He testified that he and Thompson were at the scene, that Thompson had a .38 and that Thompson shot Nelson. He identified the defendant in court and testified that they fled in an auto driven by a third person and that the defendant divided the money among the three of them.

Roger Brewer was questioned extensively in regard to the plea bargain agreement. He testified that he was going to plead guilty to manslaughter and that the State had offered him two to twenty-one for his testifying in two trials, one the trial of Thompson and the other the trial of a third man, who was the driver of the car.

 We believe the evidence in this case as recited above is sufficient to support appellant's convictions. The jury heard all the evidence and appellants argument is simply an invitation to us to weigh the evidence and to judge the credibility of witnesses which we will not do. *Maxey v. State*, (1976) Ind., 353 N.E.2d 457, 459.

The judgment of the trial court is affirmed.

All Justices concur.