Everett Ray DARNELL, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 581S147.

Supreme Court of Indiana.

May 25, 1982.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., George B. Huff, Jr., Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Everett Ray Darnell, was convicted by a jury of burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1979 Repl.), and of being an habitual offender, Ind.Code § 35–50–2–8 (Burns 1979 Repl.). He was sentenced to terms of fifteen and thirty years. He presents the following six issues in this direct appeal:

1. Whether the trial court erred by admitting certain of the state's exhibits;

2. Whether the court abused its discretion by denying defendant's motion for mistrial;

3. Whether there was sufficient evidence to support the verdict of the jury on the habitual offender count;

4. Whether the court erred by denying defendant's motion for change of venue;

5. Whether defendant was denied the effective assistance of counsel; and

6. Whether the sentence on the burglary count was manifestly unreasonable.

A summary of the facts from the record most favorable to the state shows that during the morning of January 4, 1979, the defendant and his younger brother, Mark Darnell, broke into the home of Mr. and Mrs. Percy Carlton in Mt. Vernon, Indiana, and stole several items of personal property. The brothers were driving a bronze colored GMC pickup truck that morning. They quickly ransacked the home, loaded the truck with a variety of salable items, covered the loot with a sheet and blanket, and left within three or four minutes. Much of the stolen property was later recovered from defendant's apartment; however, a diamond ring had been pawned at Goldman's Pawn Shop in Evansville, Indiana, and a reel-to-reel tape recorder had been sold to Martin Goebel.

The Carltons testified that they discovered the burglary when they returned home from work later that day. Mr. Carlton said that the missing items included a TV set, a reel-to-reel tape recorder, a mantel clock, lamps, shirts, a diamond ring, other jewelry, and his daughter's piggy bank. He estimated that the total value of the missing items was around $7,000. Defendant's brother testified for the state at the trial and described the events of the burglary. He said he had been living with the defendant at that time and they were supposed to share the proceeds equally.

I.

Defendant first argues that the trial court erred by admitting into evidence

state's exhibit No. 15 which was a photograph of several pieces of stereo equipment. This photograph was admitted during the testimony of Martin Goebel who stated that he had purchased some stereo equipment from defendant on January 15, 1979. He identified state's exhibit No. 9, which was in the courtroom, as "just like" the Pioneer reel-to-reel recorder that defendant sold to him. He further stated that he had purchased other equipment from the defendant at that same time and then had turned all this equipment over to the Indiana State Police when they called him on April 3, 1980. He stated that the photograph was a picture of all the equipment he had purchased from defendant and that he was present when the photograph was taken at the police station. The reel-to-reel recorder which was state's exhibit No. 9 was one of the pieces of equipment in the photograph and was clearly identified by Goebel. Defendant argues that the photograph was prejudicial since it showed several pieces of equipment not connected with the case and permitted the unfair inference that he had stolen all of the items in the photograph.

■ It is well settled that the admission into evidence of a photograph is within the sound discretion of the trial judge and his decision will be reversed only where it can be shown that such discretion was abused. *Simpson v. State,* (1978) 269 Ind. 495, 381 N.E.2d 1229; *Jewell v. State,* (1974) 261 Ind. 665, 309 N.E.2d 441. The relevancy of a photograph is determined by an inquiry as to whether or not a witness would be permitted to testify as to the objects depicted in the photograph. *Crane v. State,* (1978) 269 Ind. 299, 380 N.E.2d 89; *Pierce v. State,* (1970) 253 Ind. 650, 256 N.E.2d 557. In the instant case, Goebel had testified about several items of stereo equipment he had purchased from defendant. The photograph was illustrative of this testimony and the reel-to-reel recorder taken from the Carlton house was clearly identified by the witness. Since the testimony about the purchase of the group of stereo equipment was relevant to show how Goebel acquired the tape recorder, the photograph was also relevant. We find no abuse of discretion here.

Defendant also objects to the admission of a copy of a pawn ticket into evidence. Mrs. Maxine Finke, who was the bookkeeper and secretary at Goldman's Pawn Shop in Evansville, testified that this exhibit, state's exhibit No. 18, was a true and accurate copy of the original ticket which was kept as part of the normal course of business. The ticket was evidence of a loan for a diamond ring and had defendant's name signed on it. Mrs. Finke stated that this ticket did not contain all of the information on it that was normally required as it did not show the address or the description of the person who signed the ticket. She further testified that she had no personal knowledge of the loan, but that she did maintain all the records.

■ Defendant contends that since some of the information was missing from the ticket and Mrs. Finke had no personal knowledge of the transaction, the ticket should not have been admitted into evidence. We do not agree. The business records' exception to the hearsay rule does not require that a sponsor of an exhibit must have personally made it, filed it, or have had firsthand knowledge of the transaction represented by it. The record keeper must only show that it is part of the records kept in the routine course of business and placed in the record by one authorized to do so, who had personal knowledge of the transaction represented at the time of the entry. *Thompson v. State,* (1979) Ind., 386 N.E.2d 682; *Crosson v. State,* (1978) 268 Ind. 511, 376 N.E.2d 1136; *Jones v. State,* (1977) 267 Ind. 205, 369 N.E.2d 418. There was a sufficient foundation established for the admission of the pawn ticket in this case.

■■ Defendant further objects to the admission of state's exhibit No. 10 into evidence. This exhibit was a photograph of a note which Mrs. Carlton had written for her daughter to take to school and which had apparently been taken along with her daughter's billfold during the burglary. The police officer who inventoried the con-

tents of defendant's bronze colored pickup truck testified that he found a note lying in the bed of the truck and that state's exhibit No. 10 was a photograph of that note. However, the officer also testified that the original note could not be located for presentation at the trial. Mrs. Carlton identified the photograph in court as depicting the note which was taken during the burglary. We find this was a sufficient factual foundation to support the admission of the photograph. The "best evidence" rule is not applicable in this case since that rule states that the original writing is required as the best evidence of its content whenever the writing itself is central to the litigation. *The Law of Evidence in Indiana*, Seidman (1977) p. 145; *American United Life Ins. Co. v. Peffley*, (1973) 158 Ind.App. 29, 301 N.E.2d 651, 306 N.E.2d 131. The writing contained in the note was not a material fact in this case.

██ Defendant further argues that it was error to admit state's exhibits Nos. 1–7, which were items from the Carlton home seized at defendant's apartment after the police had obtained a consent to search form signed by defendant's wife, Denise. Defendant contends that the circumstances do not show that this consent was voluntarily given. It is clear that a consent will be valid except where it was procured by fraud, duress, fear, intimidation, or where it is a mere submission to the supremacy of the law. Voluntariness is a question of fact to be determined from all of the circumstances. *Brames v. State*, (1980) Ind., 406 N.E.2d 252; *Wollam v. State*, (1978) 269 Ind. 286, 380 N.E.2d 82.

██ In the instant case, Denise Darnell had agreed to go to the police station for questioning and was not under arrest. She was advised that she did not have to sign a consent form and could refuse to permit any search. She testified that she was neither forced nor frightened into signing the form. The written form acknowledges her right not to have a search made and affirms her voluntary permission for the search. Defendant stated that his wife had recently been in the hospital and was still sore and weak when she was at the police station. This evidence does not outweigh the substantial evidence of voluntariness also presented. Thus, it was reasonable for the trial court to find that Denise's consent was voluntary and there was no error in admitting the items seized as a result of the search.

## II.

██ During the cross-examination of Deputy Sheriff Larry York, defense counsel elicited testimony about the arrest of defendant's brother, Mark, on February 5, 1979. York said that Mark was seen in defendant's pickup truck and that Mark was charged with attempted murder, burglary, and conspiracy to commit burglary. Then on redirect examination, York testified that defendant was with his brother and was arrested at the same time that day. Defendant immediately moved for a mistrial, but this motion was denied. On recross examination, defense counsel brought out that defendant was tried and acquitted of these charges. It is well settled that the granting of a mistrial lies largely within the sound discretion of the trial court and the refusal to grant a mistrial will be error only where the defendant has been placed in a position of grave peril to which he should not have been subjected. *Chandler v. State*, (1981) Ind., 419 N.E.2d 142; *Tinnin v. State*, (1981) Ind., 416 N.E.2d 116. We find no abuse of discretion here as the jury was made aware of defendant's acquittal after the fact of his prior arrest had been mentioned.

## III.

██ Defendant next argues that there was insufficient evidence to support the verdict on the habitual offender count. He claims that the state failed to sufficiently prove his 1961 federal conviction for transporting a stolen vehicle in interstate commerce. The record shows that the state first introduced certified copies of documents from a June, 1961 federal case in Evansville, Indiana, including the judgment and commitment of Everett Ray Darnell to

the Federal Correctional Institution at Ashland, Kentucky, for two years. The state also introduced a 1961 fingerprint card and photograph of defendant from the records of the Evansville Police Department. The police officer who was the custodian of records in Evansville testified that Darnell was arrested in 1961, that his photograph and fingerprints were taken, and that he was then turned over to the Federal Bureau of Investigation for prosecution on a federal charge. Finally, a fingerprint identification expert testified that the fingerprints on the 1961 card matched those taken from the defendant at the time of the instant crime.

In our review of this issue, as on a review of any sufficiency issue, this Court will consider only that evidence most favorable to the state, along with all logical and reasonable inferences which may be drawn therefrom. *Harris v. State*, (1981) Ind., 425 N.E.2d 112; *Wofford v. State*, (1979) Ind., 394 N.E.2d 100; *Poindexter v. State*, (1978) 268 Ind. 167, 374 N.E.2d 509. Here, the federal court documents, the fingerprint records, and the testimony of the Evansville police officer were sufficient evidence from which the jury could find that defendant was convicted and sentenced for the federal crime of transporting a stolen vehicle in interstate commerce in 1961.

■ Defendant also argues that the 1961 conviction is too remote in time to support his conviction. It is clear that there is nothing in the statute to support defendant's contention. The statute, providing for a determination as an habitual offender, Ind.Code § 35–50–2–8, *supra*, provides only two exceptions to the prior convictions which may be used in the proceed-

ing. A prior conviction may *not* be used if it has been set aside or if it is one for which the person has been pardoned. However, the Indiana General Assembly made no other exceptions. This determination that the remoteness of prior convictions does not preclude their use in habitual offender proceedings is a matter of legislative policy.[1] We have upheld the use of 1968 and 1965 prior convictions in recent cases. *Underhill v. State*, (1981) Ind., 428 N.E.2d 759; *Jones v. State*, (1981) Ind., 425 N.E.2d 82. Defendant has presented no authority to support his argument that we should invade the province of the legislature in finding certain convictions too remote.

## IV.

■ Defendant next contends that the trial court improperly denied his motion for change of venue from the county due to adverse pretrial publicity. This issue is not properly before us since the change of venue motion was not verified, as required by Ind.R.Crim.P. 12, and no direct evidence of prejudicial pretrial publicity was ever offered. *Barber v. State*, (1979) Ind., 388 N.E.2d 511; *Franks v. State*, (1973) 261 Ind. 315, 302 N.E.2d 767.

## V.

Defendant further argues that he was denied his constitutional right to effective assistance of counsel. He made a *pro se* protest to his counsel's representation at trial claiming that his counsel failed to properly question and cross-examine witnesses, did not call certain defense witnesses, and did not show him any statements or lists of the state's witnesses. Defendant also claims that the failure of the attorney

1. Our habitual offender statute was amended in 1980 by the addition of subsection (e), which grants the court the discretionary power to reduce the sentence by as much as twenty-five years when a defendant has *remained* free of of criminal liability for a continuous period of ten years after his last criminal conviction. Defendant concedes that this amended section does not apply to him since his last conviction was in 1977.

"If the court finds that ten [10] years or more have elapsed between the date the person was discharged from probation, imprisonment, or parole (whichever is later) for the last prior unrelated felony conviction and the date he committed the felony for which he is being sentenced as an habitual offender, then the court may subtract up to twenty-five [25] years from the additional fixed term of thirty [30] years."
Ind.Code § 35–50–2–8(e) amended April 1, 1980.

to file a properly verified motion for change of venue from the county, when added to the above errors, shows that his attorney did not provide effective assistance of counsel. The state points out that the record shows that defendant's attorney did participate actively in defendant's case. He did present evidence of an alibi, cross-examined witnesses, and made objections to the admission of evidence.

Regarding competency of counsel, it has been more than frequently stated by this Court that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Lindley v. State*, (1981) Ind., 426 N.E.2d 398; *Rinard v. State*, (1979) Ind., 394 N.E.2d 160; *Jones v. State*, (1978) Ind., 387 N.E.2d 440. Incompetency of counsel revolves around the particular facts of each case and the standard of review on this issue is the mockery of justice test as modified by the adequate legal representation standard. *Crisp v. State*, (1979) Ind., 394 N.E.2d 115; *Cottingham v. State*, (1978) 269 Ind. 261, 379 N.E.2d 984. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. Isolated poor strategy, bad tactics, or inexperience does not necessarily amount to ineffective counsel. *Hollon v. State*, (1980) Ind., 398 N.E.2d 1273; *Smith v. State*, (1979) Ind., 396 N.E.2d 898; *Crisp v. State, supra.*

In this case, defendant has only presented us with unsupported allegations that there was substantial pretrial publicity in this case or that there were other witnesses who could have materially helped his defense. We will not second-guess defendant's attorney's strategy at this point. Defendant has not shown that he was denied effective assistance of counsel under these circumstances.

## VI.

Defendant finally argues that the trial court abused its discretion by imposing a sentence of fifteen years on the burglary conviction. Defendant concedes that burglary, as a class B felony, carries a presumptive sentence of ten years to which as much as ten years can be added for aggravating circumstances or four years subtracted for mitigating circumstances. Ind. Code § 35–50–2–5 (Burns 1979 Repl.). He argues, however, that the fifteen-year sentence is manifestly unreasonable in his case. He contends that because two of his prior criminal convictions were used as the basis of the habitual offender count, the same convictions should not have also been used as an aggravating factor on the burglary count. This argument has been resolved contrary to defendant's position in *Ross v. State*, (1980) Ind., 413 N.E.2d 252. We find that, here, as in *Ross*, it is clear that the trial court considered more than just the two prior felonies used in the habitual offender count.

The trial court made the following statement of aggravating circumstances at the sentencing hearing:

THE COURT: "O.K. The defendant will please stand, the Court will now sentence you. The Jury having found this defendant guilty under the charge in Count I and the charge in Count II, the Court now sentences the defendant under Count I to a term of fifteen (15) years and under Count II, the Court sentences the defendant to a term of thirty (30) years. The aggravating circumstance for the additional five (5) years in Count I is the two prior felonies—are the two prior felonies and his history of crime, that he has been engaged in during his lifetime. The defendant is entitled to appeal. You have sixty (60) days in which to file a Motion to Correct Errors."

From the record before us, we find that the trial court based his determination of the increased sentence upon a consideration of defendant's history of criminal activity which dated back to juvenile offenses and included offenses in Ohio and Illinois in addition to the prior felonies used as the basis of the habitual offender count. A consideration of prior criminal activity is a proper factor for the trial court to use in determining the sentence. *Rowley v. State*, (1979) Ind., 394 N.E.2d 928; *McNew v.*

*State*, (1979) Ind., 391 N.E.2d 607. Accordingly, we cannot say that the sentence is manifestly unreasonable. Ind.R.App.Rev. Sen. 2.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result with opinion.

DeBRULER, Justice, concurring in result.

The pawn ticket record for the stolen ring, identified as Exhibit No. 18, admitted over the objection of defense counsel, carried appellant's name upon it. The jury, presented with this ticket, would be led to conclude from it that appellant pawned the stolen ring. It seems perfectly obvious to me that this ticket provides no reliable or trustworthy basis for such an inference, since there is no proof that an employee of the pawnshop had first hand knowledge of the identity of the person who pawned the ring. It was error to admit this written document with appellant's name upon it. *Wells v. State*, (1970) 254 Ind. 608, 261 N.E.2d 865. It is however my further opinion that the erroneous admission of this document was harmless in light of the strong evidence of guilt, which included the testimony of appellant's brother which described his participation in the charged crime itself.