JOHNNY WILLIAMS *v.* STATE OF INDIANA.

[No. 377S175. Filed August 15, 1978.]

*William T. Enslen,* of Hammond, for appellant.

*Theodore L. Sendak,* Attorney General, *Michael Gene Worden,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Williams was found guilty of first-degree murder and murder in the perpetration of a robbery at the conclusion of a jury trial in the Lake Superior Court on October 16, 1976. He was sentenced to life imprisonment. This case involves the robbery of a lounge in Gary, Indiana, by a group of men in February of 1976. We have recently affirmed the conviction of two of appellant Williams' co-defendants, tried jointly with Williams in the same trial, in *Rogers* v. *State,* (1978) 268 Ind. 370, 375 N.E.2d 1089 and *Stone* v. *State,* (1978) 268 Ind. 672, 377 N.E.2d 1372. The present appeal involves some of the same issues, based upon the same operative facts, which we decided in the *Rogers* and *Stone* cases.

Three issues are raised in this appeal: (1) whether the trial court erred in denying appellant's motions to sever, in view of the admission of redacted statements of co-defendant Lorenzo Stone; (2) whether the trial court erred in admitting prior statements of state's witness Elliott James, and the prior proceedings on James guilty plea, and; (3) whether the evidence was sufficient to support appellant's murder convictions.

## I.

It was shown at trial that five men took part in the robbery in question, four of whom were tried jointly. The fifth participant, Elliott James, plea-bargained with the state and testified as a state's witness. Statements of codefendant Lorenzo Stone were admitted into evidence, with references to the several other participants replaced by the word "blank," and with instructions from the court that the jury could consider the statements only as against Stone. Under all the circumstances of this statement, including the fact that in the form read it is not necessarily incriminating of either any particular person or any number of persons, we find no error in its admission. *See Rogers, supra,* 375 N.E.2d at 1090-91. Since the statement of Stone was properly admitted, it was proper to try appellant Williams jointly with Stone and the other defendants pursuant to Ind. Code § 35-3.1-1-11 (Burns 1975), and appellant's motions to sever were properly denied.

## II.

It is next contended that prior statements of state's witness Elliott James, and prior proceedings on James' guilty plea were improperly admitted at trial. James' statements in issue here admitted his involvement in the present crime; his plea agreement was to the same effect. On the witness stand, James stated that he was not involved in this crime and knew nothing about it. Thus, under the authority of *Patterson* v. *State,* (1975) 263 Ind. 55, 324 N.E.2d 482, the trial court admitted James' prior statements and plea proceedings. This ruling of the trial court was correct, and did not violate the hearsay rule. *See Rogers, supra,* 375 N.E.2d at 1092. No error is presented on this issue.

## III.

Appellant finally challenges the sufficiency of the evidence to support his conviction of first-degree murder. This argu-

ment, in essence, challenges the proof presented on the element of premeditated malice. The evidence in this case is that five men robbed a lounge in Gary, Indiana. While they were in the lounge a gun battle began between them and the decedent, David Clay. Though the testimony does not establish that appellant Williams actually shot Clay, the prior statements of state's witness James put appellant at the scene of the crime and demonstrate his involvement in the robbery. Where two or more persons combine to commit a crime, each is criminally responsible for the acts of his confederates committed in furtherance of a common design. *Mosley* v. *State,* (1978) 266 Ind. 675, 366 N.E.2d 648, 649. The evidence was thus sufficient to support appellant's conviction.

The judgment of the trial court is affirmed.

Givan, C.J., Hunter, J. concur; DeBruler, J. concurs in result; Prentice, J. dissents.

NOTE.—Reported at 379 N.E.2d 449.