**Rozelle BARBER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 377S164.**

Supreme Court of Indiana.

April 30, 1979.

Cletus H. Brault, Jr., Stankiewicz & Brault, Merrillville, for appellant.

Theo. L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Barber was found guilty of first-degree murder and murder in the perpetration of a robbery at the conclusion of a jury trial in the Lake Superior Court on October 16, 1976. He was sentenced to life imprisonment. The case involves the robbery of Mona's Lounge in Gary, Indiana, on February 23, 1976, by a group of five men. Barber was jointly tried with three co-defendants whose convictions were recently affirmed in *Williams v. State,* (1978) Ind., 379 N.E.2d 449, *Stone v. State,* (1978) Ind., 377 N.E.2d 1372, and *Rogers v. State,* (1978) Ind., 375 N.E.2d 1089. The remaining accomplice, Elliott James, pleaded guilty to a reduced charge of second-degree murder.

The present appeal contains four issues for review. The first two issues concern the admission of prior statements and the guilty plea proceedings of State's witness, Elliott James, and the denial of Barber's motion for severance in view of the admission of redacted statements by co-defendants Stone and Williams. These same issues, based upon the same operative facts arising from the joint trial, were fully considered in our prior decisions. *See Williams, supra,* at 379 N.E.2d 450, and *Rogers, supra,* at 375 N.E.2d 1090–92. Our opinions in those cases, that no reversible error occurred as to these issues, controls here as well. Appellant Barber also argues that the trial court erred by denying his motion for change of venue from the county and that the verdict of the jury was not sustained by sufficient evidence.

## I.

Appellant filed an unverified motion for change of venue from the county alleging that publicity in the news media was such as to impair his right to a fair and impartial trial. The motion was supported by several copies of newspaper articles which were published shortly after the murder; some five to six months prior to trial. This alone was not sufficient to show the necessary degree of pervasive and inflammatory sentiments from which it may be presumed that the defendant could not receive a fair trial. *Mendez v. State,* (1977) Ind., 367 N.E.2d 1081, 1083. In fact, the record does not demonstrate that impressions or opinions had been formed by jurors on the basis of this publicity or that the jurors had even seen the articles. Thus, appellant has not shown that he was prejudiced by the publicity. *Grooms v. State,* (1978) Ind., 379 N.E.2d 458, 461. Finally, there was no error in the denial of appellant's change of venue motion because it was not properly verified as required by *Franks v. State,* (1973) 261 Ind. 315, 302 N.E.2d 767 and Ind.R.Crim.P. 12.

## II.

Appellant claims that the evidence supporting his conviction was insufficient because the only evidence connecting him with the offense was the statement made to police by Elliott James and James' testimony at his guilty plea proceeding. Both of these statements were admitted as evidence in appellant's trial and both gave a detailed account of Barber's participation in the crime. According to James, Barber was to remain outside as a lookout while James, Stone, Rogers and Williams entered Mona's Lounge with guns. The plan called for Barber to enter the lounge and take the money after James and the other three had forced the patrons to lie on the floor. However, one of the patrons apparently reached for a gun and was shot to death by co-defendant Stone.

At trial, James was called as a State's witness but denied being present at Mona's Lounge at the time of the incident and further denied having any knowledge of the whereabouts of Barber and the other defendants on the night in question. In light of the fact that two of the patrons in the lounge positively identified James as one of the robbers and the fact that James was implicated in the confessions of both Stone and Williams, the jury obviously rejected James' repudiation of his earlier statements. On appeal, this Court can neither weigh the evidence nor judge the credibility of witnesses. Rather, we look at only the evidence most favorable to the State; in this case, the earlier statements by James. We find that these statements constituted sufficient evidence to support the jury's verdict.

The judgment of the trial court is affirmed.

GIVAN, C. J. and HUNTER, J., concur.

PRENTICE, J., dissents with opinion in which DeBRULER, J., concurs.

PRENTICE, Justice, dissenting.

I dissent from the opinion of the majority, as it applies to the admission of redacted out-of-court statements made by the appellant's co-defendants, for the same reasons expressed in my dissenting opinion in the

case of *Rogers v. State,* (1978), which may be found in 375 N.E.2d at 1092.

DeBRULER, J., concurs.