Earl G. CARTER, Appellant,

v.

STATE of Indiana, Appellee.

No. 1281S374.

Supreme Court of Indiana.

Aug. 1, 1983.

**640**

Sharon Carroll Clark, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Earl G. Carter was found guilty by a jury in the Hamilton Superior Court of confinement, a class B felony, rape, a class A felony, and criminal deviate conduct, a class A felony. He subsequently was sentenced by the trial judge to prison terms of fifteen years for confinement, forty years for rape and forty years for criminal deviate conduct. Appellant now directly appeals and raises the following eight issues for our consideration:

1. whether the trial court erred by denying Appellant's motions for change of venue and change of judge;

2. whether the trial court erred by denying Appellant's motion to be let to bail prior to trial;

3. whether the trial court erred by denying Appellant's motion for continuance during trial;

4. whether the trial court erred by admitting into evidence proof that Appellant previously was convicted of theft;

5. whether the trial court erred by permitting an allegedly improper cross-examination of Appellant during trial;

6. whether the trial court erred in applying the rape-shield statute to certain evidence;

7. whether Appellant's convictions were supported by sufficient evidence; and

8. whether the trial court committed certain errors in sentencing Appellant.

The facts of this case are that Appellant and Clayton Nunn, Jr., offered the victim, S.N., a ride to find her husband. After S.N. got into their automobile, Appellant and Nunn took her to a secluded place where they raped her and forced her to perform oral sex on them. Appellant and Nunn threatened S.N. with a knife and a broken beer bottle. They then took her to a motel where they took pictures of her having intercourse and acts of deviate sexual conduct with them. Appellant and Nunn finally left S.N. several miles from her home.

I

Appellant claims that the trial judge committed reversible error by denying his several motions for change of venue from the county and from the judge. He first filed a motion for change of venue from the county on April 29, 1980. After a hearing, this motion was denied. A second motion for change of venue from the county was filed on June 18, 1980. This motion also was considered and subsequently was denied. On September 23, 1980, Appellant moved for a change of venue from the judge. After another hearing, said motion was denied. After the jury was selected, Appellant renewed his motions for change of venue from the judge and from the county but both were summarily denied.

The applicable statutes and rule, Ind. Code § 35-1-25-1 (Burns 1979), § 35-1-25-4 (Burns 1979) and Ind.R.Crim.P. 12, entitled Appellant to a change of venue from the county and/or judge only upon a showing of prejudice. The granting or overruling of both motions was discretionary with the trial judge. The instant issue, therefore, is whether or not the trial judge abused his discretion in this particular case.

Appellant admits that he has the burden to prove such abuse.

Appellant's first motion for change of venue from the county was based upon the extensive news coverage of this crime and upon the small number of blacks residing in Hamilton County. The second motion for change of venue from the county again was directed to the media coverage but additionally alleged that Appellant was prejudiced by the recent trial in Hamilton County of his co-defendant. Appellant's argument only generally refers to the allegedly prejudicial news coverage and to the fact that Hamilton County has few black people residing in it. Nowhere does Appellant demonstrate that impressions or opinions were formed by specific jurors on the basis of these alleged prejudices. There is no showing that any jurors were aware of the particulars of this case prior to being sworn. There is no showing that any jurors were aware of the opinions expressed in the press or had formed opinions which would prevent them from rendering an impartial verdict. Appellant does not show that he exhausted his peremptory challenges during *voir dire* of the jury panel. Accordingly, no basis is presented to us to find that the trial court erred by denying Appellant's motions for change of venue from the county. *Underhill v. State,* (1981) Ind., 428 N.E.2d 759; *Sage v. State,* (1981) Ind., 419 N.E.2d 1286; *Grooms v. State,* (1978) 269 Ind. 212, 379 N.E.2d 458, *cert. denied* (1979) 439 U.S. 1131, 99 S.Ct. 1053, 59 L.Ed.2d 93. Moreover, Appellant's second motion for change of venue from the county was not verified and therefore did not properly present the issue to the trial court and to this Court. That alleged issue is waived. *Underhill v. State, supra; Barber v. State,* (1979) 270 Ind. 624, 388 N.E.2d 511; *Franks v. State,* (1973) 261 Ind. 315, 302 N.E.2d 767.

The basis for Appellant's motion for change of venue from the judge was the fact that the same trial judge trying Appellant's case had tried the cause involving co-defendant Clayton Nunn, Jr. Appellant claims that since this trial judge tried co-defendant Nunn and gave Nunn lengthy sentences, this trial judge impliedly was prejudiced against him and could not give him a fair and impartial trial. A judge is not disqualified to try a case merely because he previously heard the case of a co-participant in a separate proceeding. *Jones v. State,* (1981) Ind.App., 416 N.E.2d 880. Appellant raises no issue regarding the denial of his motion for change of judge from which this Court can find that the trial judge abused his discretion.

## II

Appellant next argues that the trial court erred by denying him his constitutional right to a reasonable bail pending trial. This issue is now moot and therefore will not be considered as grounds for reversal in this appeal. *State v. Vore,* (1978) 268 Ind. 340, 375 N.E.2d 205 (discussion on mootness); *Holguin v. State,* (1971) 256 Ind. 371, 269 N.E.2d 159.

## III

After the jury was given the trial court's preliminary instructions, Appellant moved for a continuance due to the pregnancy of the prosecuting witness. During the presentation of Appellant's evidence, trial counsel again moved for a continuance in order to produce additional witnesses in Appellant's behalf. Neither of these motions were verified and the second continuance motion did not comply with Ind.Code § 35–1–26–1 (Burns 1979) [repealed effective September 1, 1982]. Since Appellant's motions were not based upon any statutory grounds, the rulings on said motions were within the trial court's sound discretion and will be upheld on appeal in the absence of a clear showing of an abuse of discretion. *Brewer v. State,* (1981) Ind., 417 N.E.2d 889, *cert. denied* (1982) —— U.S. ——, 102 S.Ct. 3510, 73 L.Ed.2d 1384; *Drollinger v. State,* (1980) Ind., 408 N.E.2d 1228; *Gerber v. State,* (1972) 258 Ind. 171, 279 N.E.2d 542, *reh. denied.* There is no claim or inference that the prosecuting witness' pregnance was a result of the rape for which Appellant was tried. After all, the trial was held more than nine months after the date of

the alleged offense and the witness was five months pregnant on the date of her testimony. Appellant's only argument is that the jury might have had special feelings of consideration and sympathy for the witness in her pregnant state. There is no showing that this alleged attitude of the jury was based on any fact learned from any examination of the jury and is therefore speculative. The trial judge observed the situation, including the *voir dire* of the jury and the appearance of the witnesses, and denied the motion. We have no grounds before us to find that the trial judge abused his discretion in denying Appellant's motions.

■ During Appellant's case-in-chief, Appellant's trial counsel orally stated to the trial court that there were certain witnesses whom Appellant requested to call but that he had not been able to locate them nor determine what their testimony would be. Appellant's counsel also said that it appeared that the value of their testimony would be marginal at best, but nonetheless requested a continuance to attempt to find them and to positively ascertain the value of their testimony. The trial court summarily denied this motion and Appellant rested. Appellant now does not identify these witnesses nor indicate what their testimony might be. He therefore does not show how he was prejudiced nor how the outcome of his trial might have been different with their appearance and testimony. Appellant merely makes a general statement that there were other witnesses whom he wanted to call and the trial court refused his request. Under these facts and circumstances, we cannot say that the trial court abused its discretion by denying Appellant's motion. There is no error on this issue.

### IV

■ Appellant claims that the trial court erred by allowing him to be cross-examined about a prior theft conviction because he claims the theft conviction was a misdemeanor and not a felony. The theft conviction occurred in 1978; the code section then applicable, Ind.Code § 35–43–4–2 (Burns

1979), stipulated theft to be a class D felony. Even though what might generally be considered a misdemeanor penalty may have been assessed, Appellant's 1978 theft conviction was a felony conviction. This court previously has held that prior convictions for theft are admissible for impeachment purposes. *Fletcher v. State,* (1976) 264 Ind. 132, 340 N.E.2d 771. Accordingly, the trial court properly admitted cross-examination on Appellant's prior theft conviction.

Appellant now also argues that he should not have been cross-examined about one of his prior burglary convictions since that conviction has been vacated. The State shows, however, that Appellant was incorrect on this fact. The record shows that Appellant was found guilty of burglary and sentenced on February 25, 1974. He subsequently was placed on probation during good behavior. The record shows that Appellant's burglary conviction still stands and we find that the trial court properly permitted cross-examination in regard to it.

### V

■ During trial, the State called Officer Daniel Conley of the Indiana State Police as a witness. Officer Conley had transported Appellant from the Anderson Police Station to the State Police Post in Pendleton and then on to the Hamilton County Jail in Noblesville. While enroute to Pendleton, a conversation allegedly occurred between Appellant and Conley. When the prosecuting attorney asked a question regarding this conversation, Appellant's trial counsel objected. Appellant's trial counsel thereafter made an oral motion to suppress all evidence pertaining to said conversation since Appellant had not been advised of his constitutional rights before making the alleged statements to Conley. After the trial court heard testimony from both Conley and Appellant, the trial court granted Appellant's motion to suppress. Later, during the State's cross-examination of Appellant, the prosecuting attorney referred to the alleged statement made by Appellant to Conley during their ride together to Pendle-

ton. Appellant's attorney again objected based on the trial court's earlier order suppressing evidence of this conversation. The trial court overruled the objection and permitted Appellant to testify. Appellant now claims that he was forced to testify about certain of his statements which were inadmissible because Appellant had not been given his constitutional rights at that time. *See Miranda v. Arizona,* (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

Appellant admits that the statements of an accused from which an inference of guilt may be deduced, but not necessarily a confession, are admissible into evidence against the accused subject to his constitutional rights. *Cooper v. State,* (1972) 259 Ind. 107, 284 N.E.2d 799. The State cites *Cooper* to contend that the questioning of Appellant on cross-examination neither violated Appellant's *Miranda* rights nor violated the trial court's previous order to suppress. In examining Appellant's testimony, we agree with the State. The only question posed to and answered by Appellant which referred to his conversation in the police car was as follows:

> [Prosecutor]. "Do you recall during the transportation from Anderson to Pendleton telling Officer Conley that you had gone to the Club Bar and that Clayton Nunn had taken your vehicle and left you there? On the night in question.
>
> [Appellant]. I made a phone call when I got to the police post, sir, I told my mother the same story that I had told the pol—officer Levi, also I had told my girlfriend this story.
>
> [Prosecutor]. So you told the same story that you told Officer Levi to Officer Conley, is that what you're saying?
>
> [Appellant]. I'm saying I made a phone call at the State Police Post with him present in the room. That's where he got that from. I'm saying that I didn't say that in the car."

The record also demonstrates that Appellant gave different stories to different people, including the police, which he later admitted were untrue. Appellant testified that the only thing he said to the police in their car was to ask them what was going to happen next and what were they going to do with his car.

The prosecutor's line of questioning apparently was to show that Appellant's testimony was not credible since he had given different stories to different people, including Conley. The only reference to Appellant's conversation in the police car was to Appellant's alleged statement to Conley regarding the fact that he did not accompany Nunn when his car was taken and the instant crimes committed. Contrary to what Appellant now contends, Appellant was not forced to testify to any statements that were incriminating or were made when he had not been given his *Miranda* rights. Appellant's alleged statement was not a confession but rather was a denial of any involvement. Appellant *sua sponte* claimed that he never made the statement to the police but that they overheard him make it to his mother on the telephone. He also stated that any conversation he had with the police in the automobile regarded only what was going to happen next to him and to his car. This was never challenged before the jury. We therefore find that the trial court did not err by permitting the State to pursue the line of questions which it did. *Pointon v. State,* (1980) Ind., 408 N.E.2d 1255; *Cooper v. State, supra.*

### VI

■ Appellant called S.N., the prosecuting witness, to testify during his trial. Appellant attempted to ask her if she previously had charged other persons with committing illegal sexual acts against her. Appellant also attempted to ask S.N. if she ever had solicited a date with Mr. Green, a black man from Noblesville. The trial court sustained objections to both questions. Appellant subsequently attempted to call James Green to the stand but an objection to his testimony was sustained by the trial court. The basis of the court's ruling was that the proposed testimony was violative of the rape shield law, Ind.Code § 35–1–32.- 5–1 (Burns 1979) [repealed effective Sep-

tember 1, 1982]. That statute precludes evidence, including opinion and reputation evidence, of a victim's past sexual conduct. Appellant now contends that the information sought from S.N. and witness Green was not proscribed by the rape shield law since it was directed to S.N.'s credibility and for impeachment purposes. The State contends that the trial court properly sustained objections to the questions and the calling of Witness Green since the subject matter of the anticipated testimony was proscribed by the rape shield statute and did not fall within the exceptions under Ind.Code § 35–1–32.5–2 (Burns 1979) [repealed effective September 1, 1982]. The exceptions provide that under certain circumstances, evidence of the victim's past sexual conduct with the defendant may be presented or evidence may be presented.to show that some other person committed the specific act upon which the prosecution is founded. We hold that the trial court properly excluded the testimony since the excluded evidence was clearly directed towards the past sexual activity and reputation of the prosecuting witness and was proscribed under Ind.Code § 35–1–32.5–1. *Morgan v. State,* (1981) Ind., 425 N.E.2d 625; *Skaggs v. State,* (1982) Ind.App., 438 N.E.2d 301, *reh. denied* Ind.App., 441 N.E.2d 19, *Trans. denied.*

### VII

▮▮▮ Appellant claims that there was insufficient evidence to prove him guilty of the crimes for which he was convicted. He specifically claims that there was no credible evidence that a weapon was used during the commission of the alleged sexual acts. Although Appellant admits that the prosecuting witness testified at trial that there were weapons and threats directed against her, he claims that her testimony was so incredible and fraught with conflict that it should not be believed. Appellant concedes our standard of review in sufficiency matters but nonetheless thinks that we should reverse his convictions because of the alleged conflicts and other weaknesses in S.N.'s testimony. As we have repeatedly stated upon reviewing claims of insufficient

evidence, we will consider only the evidence most favorable to the State with all reasonable inferences. If the existence of each element of the charged crime can be found therefrom beyond a reasonable doubt, the verdict will not be disturbed. We will not weigh conflicting evidence nor will we judge the credibility of the witnesses. *Turpin v. State,* (1982) Ind., 435 N.E.2d 1; *Neice v. State,* (1981) Ind., 421 N.E.2d 1109, *reh. denied.* The record here shows that S.N. was on the witness stand between six and seven hours. During that time, there was conducted a lengthy direct and cross-examination of S.N. and of her statements of fact. The facts adduced during said examinations more than adequately established a probative basis for the jury's verdict. S.N.'s credibility was before the jury and they chose to believe her. We find no error on this issue.

### VIII

▮▮▮ Appellant originally assigned as error several trial court procedures and actions attending its sentencing him. In his brief, however, Appellant concedes that there are no grounds to claim that the trial court erred by pronouncing his sentence. He therefore expressly waived review of any error originally claimed. Appellant nonetheless claims under this issue that he was denied the effective assistance of trial counsel since his trial counsel did not properly raise certain sentencing issues in the trial court below. Appellant did not raise an effective assistance of counsel issue in the trial court in his motion to correct errors nor did he file a petition for permission to file a belated motion to correct errors by which he might have raised said issue. We therefore cannot consider the effective assistance of trial counsel question in this appeal. The issue is not properly before this Court for determination.

Finding no reversible error, the trial court is in all things affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.