**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**THOMAS D. SARVER**
Goebel Law Office
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana



# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERNEST P. GLASS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 54A04-1210-CR- 552 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MONTGOMERY SUPERIOR COURT
The Honorable Peggy Q. Lohorn, Judge
Cause No. 54D02-1208-FB-3356
54D02-1208-CM-3189

**May 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Ernest P. Glass appeals his conviction and sentence for battery, a Class A misdemeanor, as well as revocation of his probation. Glass presents four restated issues on appeal: 1) whether sufficient evidence supported his conviction; 2) whether the trial court erred when setting Glass's bond; 3) whether his sentence was inappropriate in light of his character and the nature of the offense; and 4) whether the trial court abused its discretion in revoking his probation. Concluding that there was sufficient evidence to support his conviction, his bond argument is moot, his sentence is not inappropriate, and the trial court did not abuse its discretion in revoking his probation, we affirm.

## Facts and Procedural History

In 2007, Glass was charged with five counts, including possession of marijuana, a Class D felony, and battery, a Class A misdemeanor. In February 2008 it was alleged that Glass was an habitual offender, and that same month Glass pleaded guilty to the possession and battery charges and was determined to be an habitual offender; the remaining counts of the information were dismissed. In March 2008, Glass was sentenced to one year for the battery, with time served and with a domestic violence fee assessed, and four years for the possession, with two years executed and two years suspended to probation. Glass violated probation twice, in 2010 and 2011—the 2010 violation stemming from a conviction for battery—and both times the court returned him to probation. Glass was still on probation in August 2012.

On August 18, 2012, Glass was living with Krystal Harwood, whom he had known for several years, had been living with for around a year, and with whom he possibly had a child. The week before, Glass and Harwood had fought when Glass

accused Harwood of stealing his medication, and Glass had threatened to have Harwood's child(ren) taken away. Glass agreed to move out of the house, and was packing his things and waiting for a ride when he and Harwood argued again on August 18, 2012. Harwood's grandparents were at the house at the time. The argument escalated to a physical confrontation, and eventually Glass called 911. Officers with the Montgomery County Sheriff's Department responded, investigated and spoke with the people present, gave Glass a statement form, and ended up arresting Glass.

On August 21, 2012, a petition was filed to revoke Glass's probation. On August 23, 2012, Glass was charged with battery as a Class A misdemeanor, and bond was set at $600. On August 31, a hearing was held, and Glass requested a reduction in the bond related to the battery charge, and also requested that bond be set in the probation revocation matter. Both requests were denied.

On October 5, 2012, a bench trial was held on the battery charge and at the same time the trial court conducted a hearing on the probation revocation petition. The court found Glass guilty of battery as a Class A misdemeanor and sentenced him to 270 days. The court also found that Glass had violated his probation, and revoked 408 days of his probation, to be served in the Indiana Department of Correction, consecutive to his sentence for battery. This appeal followed. Additional facts will be supplied as necessary.

I.  Sufficiency of the Evidence

A.  Standard of Review

The standard for reviewing sufficiency of the evidence claims is well settled.  We do not reweigh the evidence or assess the credibility of the witnesses.  West v. State, 755 N.E.2d 173, 185 (Ind. 2001).  Rather, we look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is probative evidence from which a reasonable trier-of-fact could have found the defendant guilty beyond a reasonable doubt.  Id.  When a defendant challenges the sufficiency of the evidence rebutting a claim of self-defense, our standard of review is the same as for any sufficiency of the evidence claim.  Hood v. State, 877 N.E.2d 492, 497 (Ind. Ct. App. 2007), trans. denied.

B.  Battery

Glass first argues that there was insufficient evidence to support a conviction for battery.  To prevail on the battery charge in this case, the State needed to prove that Glass "knowingly or intentionally touche[d] another person in a rude, insolent, or angry manner" and that the offense resulted "in bodily injury to any other person."  Ind. Code § 35-42-2-1.  "Bodily injury" is defined as "any impairment of physical condition, including physical pain."  Ind. Code § 35-31.5-2-29.

Glass does not directly challenge the evidence supporting any particular element of the battery charge, but rather recounts inconsistent and conflicting testimony, and argues that some of the photographic evidence presented at trial is of poor quality or not well connected to the effect on the victim.  In essence, Glass invites us to reweigh the

evidence and assess witness credibility, which we cannot do. Evidence was presented at trial that Glass, among other things, shook and hit Harwood, grabbed her hair and ripped some hair out, and threw her onto the bed and the floor. Harwood testified that she had various bruises and sores as a result of the incident, as well as a knot on her head that caused her pain for approximately two weeks. There was sufficient evidence presented from which the trier-of-fact could determine that Glass committed battery against Harwood.

### C. Self-Defense

Next, Glass argues that there was insufficient evidence presented by the State to rebut his claim of self-defense. Self-defense is established if a defendant: (1) was in a place where the defendant had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. Brand v. State, 766 N.E.2d 772, 777 (Ind. Ct. App. 2002), trans. denied. "Furthermore, an initial aggressor must withdraw from the encounter and communicate the intent to do so to the other person before he or she may claim self-defense." Huls v. State, 971 N.E.2d 739, 747 (Ind. Ct. App. 2012), trans. denied. The State carries the burden of disproving self-defense. Brand, 766 N.E.2d at 777. Therefore, once a defendant claims self-defense, the State bears the burden of disproving at least one of the elements beyond a reasonable doubt. Id. The State may meet its burden of proof by rebutting the defense directly, by affirmatively showing that the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief. Id.

Here, the State does not contest that Glass established that he had a right to be in the house at the time of the incident, or that he had a reasonable fear of death or great

5

bodily harm.[1]  The element of self-defense that is at issue is whether Glass provoked or willingly participated in the violence.  Glass argues that his "testimony and written statement are consistent with his argument for self-defense against Ms. Harwood."  Brief of Appellant at 20.  Here, Glass again invites us to reweigh the evidence, which we cannot do.  Testimony was presented in support of Glass's contention that he did not provoke the incident, but other testimony indicated that he did provoke the violence.  Whether one believes that Glass provoked or willingly participated in the violence—or withdrew, if he was the initial aggressor—depends on a determination of witness credibility and the weighing of evidence.  There was probative evidence from which a reasonable trier-of-fact could determine that Glass's claim of self-defense was rebutted beyond a reasonable doubt.

## II.  Bond

Glass next argues that the trial court abused its discretion when it declined to reduce his bond for the battery charge or set bond for the probation revocation matter. We agree with the State that this argument is moot.

Glass cites to Indiana Code section 35-38-2-3(d), which states, regarding probation violations:

> Except as provided in subsection (e), the court shall conduct a hearing concerning the alleged violation.  The court may admit the person to bail pending the hearing.  A person who is not admitted to bail pending the hearing may not be held in jail for more than fifteen (15) days without a hearing on the alleged violation of probation.

---

[1]  Apparently, during the incident, Harwood grabbed Glass by the testicles and squeezed, and may have shoved him into a dresser.

6

Glass is correct that the statute requires a hearing to be held within fifteen days when bond is not set for an alleged violator, and that Glass was held for more than fifteen days before a hearing. However, Glass admits that denial of bond is a final appealable order, but states that he does not know why counsel did not appeal at the time. Glass does not provide a cogent argument for why we should take up the question now.

The State cites to two cases—Carter v. State, 451 N.E.2d 639, 642 (Ind. 1983), and Partlow v. State, 453 N.E.2d 259, 274 (Ind. 1983), cert. denied, 464 U.S. 1072—for the proposition that the issue of bail pending trial is moot when presented on appeal after the defendant has been convicted and sentenced. Glass argues that Partlow is inapposite because the court in that case noted that murder is not a bailable offense. See 453 N.E.2d at 274. However, that was only one part of the court's reasoning in determining that the argument was moot; the court also noted that the defendant had already been convicted and sentenced. Id. Glass also argues that both cases are distinguishable because both involved felony charges, whereas Glass was charged with a misdemeanor. Glass implies that we should be more open to considering bond in this case because "the time table for setting a trial in a misdemeanor is much shorter than the time for a felony trial." Appellant's Reply Brief at 2. On the contrary, it seems to us that spending less time in jail without bond before a hearing was held only lessens any harm that was done.

In his reply brief, Glass cites to Indiana Code section 35-33-8-3.2(d), which relates to fees collected from bonds, without a clear explanation of how that statute applies to his case. Glass also points out that, prior to July 2012, Indiana Code section 35-38-2-3(d) did not require a hearing within fifteen days, and argues that the newness of the law makes it a matter of great public interest and an issue we should review. We disagree. If

7

anything, the addition of a provision requiring a hearing within fifteen days only set a more definite time table for filing an appeal when Glass's bond was initially denied and a hearing did not take place within fifteen days. It does not alleviate the mootness of the issue now that a hearing has been held and Glass has been sentenced.

### III. Appropriateness of Sentence

#### A. Standard of Review

We are empowered by Indiana Appellate Rule 7(B) to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade us that his sentence has met this inappropriateness standard of review. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006). When conducting this inquiry, we may look to any factors appearing in the record. Roney v. State, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), trans. denied. In reviewing a sentence under Appellate Rule 7(B), the question "is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate." King v. State, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

#### B. Glass's Sentence

Glass conflates our review of the appropriateness of a sentence under Indiana Appellate Rule 7(B) and our review of a trial court's discretion in setting a sentence. However, Glass appears to focus his argument on the idea that his sentence of 270 days is inappropriate in light of his character and the nature of the offense. We disagree. We note that under Rule 7(B), we may only revise a sentence where the original sentence is inappropriate in light of the nature of the offense and the character of the offender.

8

While there was no presentence investigation report in this matter, it is clear from the record that Glass was on probation at the time of the battery at issue, that he had several probation violations in the past, that he had been convicted of battery before—apparently a battery of a domestic nature, and that he had other convictions on his record as well. As the State points out, "due to the fact that Defendant was found to be a habitual offender, he necessarily must have been found guilty previously of at least two unrelated felonies." Brief of Appellee at 16. The State also notes that Harwood's testimony implied that Glass may have hurt her in the past, as she testified that she called her grandmother to come over that morning because "usually if my grandma's there . . . he won't put his hands on me." Transcript at 41. As to the nature of the offense, Harwood testified to the injuries she received and that she was in pain for approximately two weeks following the incident. It is clear that the trial court took into consideration the mitigating factors provided by Glass, and the trial court sentenced him to less than the full year that was possible for a Class A misdemeanor. See Ind. Code § 35-50-3-2. We cannot say that Glass's sentence was inappropriate in light of his character and the nature of the offense.

## IV. Revocation of Probation

### A. Standard of Review

Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using

9

the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007) (citations omitted).

## B. Revocation of Glass's Probation

Finally, Glass briefly argues that the trial court abused its discretion in revoking his probation. We disagree. This was at least the third time that Glass had violated probation, with the court having returned him to probation on the previous two occasions. That was within the court's discretion, as was deciding to revoke Glass's probation upon this most recent violation. The court's decision to revoke Glass's probation was not clearly against the logic and effect of the facts and circumstances.

## Conclusion

Concluding that there was sufficient evidence to support Glass's conviction for battery, that his bond argument is moot, that his sentence is not inappropriate, and that the trial court did not abuse its discretion in revoking his probation, we affirm.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.